# UNITED STATES DISTRIC[T]

# SOUTHERN DISTRICT O[F]

Plaintiff is directed to review and comply with this Court's Individual Practices, in particular Rule 4(F), which concerns applications for injunctive relief, including emergency and/or temporary injunctive relief. Specifically, the Court will not consider issuance of a temporary restraining order prior to a conference with the parties, which conference shall be requested in strict accordance with the provisions of Rules 2(C) and 4(F) of the Court's Individual Practices, as well as Rule 65 of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 3 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
         February 11, 2026

---------------------------------x

LINDA B. SPOSATO,

Plaintiff,

v.                           Civil Action No. 26cv1118 ____ *PMH*

MERIDIAN ASSET SERVICES, LLC,

ADVANTAGE FORECLOSURE SERVICES, INC.,

CSC INGEO, INC.,

Defendants.

---------------------------------x

# MASTER EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED HEARING, AND IMMEDIATE PRESERVATION ORDER

1 of 10

(Fed. R. Civ. P. 65)

Plaintiff Linda B. Sposato, appearing pro se, respectfully moves this Court on an emergency basis for a Temporary Restraining Order ("TRO"), an Expedited Hearing, and an Immediate Preservation Order pursuant to Federal Rule of Civil Procedure 65, restraining Defendants from continuing to engage in, facilitate, record, publish, transmit, or rely upon foreclosure-related instruments and conduct affecting Plaintiff's property, and ordering Defendants to preserve all evidence and electronically stored information.

Plaintiff seeks emergency relief because she faces immediate and irreparable harm, including ongoing clouding of title, continued reliance upon void foreclosure instruments, and the imminent risk that critical evidence will be destroyed, altered, concealed, or deleted.

Plaintiff respectfully requests immediate intervention to preserve the status quo and prevent further harm until this Court can hold a hearing.

# PRELIMINARY STATEMENT

This case concerns wrongful foreclosure-related activity and title impairment affecting Plaintiff's home and USDA-approved agricultural property located in Westchester County, New York.

Plaintiff alleges that Defendants Meridian Asset Services, LLC, Advantage Foreclosure Services, Inc., and CSC Ingeo, Inc. participated in the foreclosure pipeline by facilitating, processing, transmitting, publishing, recording, and/or enabling foreclosure-related instruments and actions which Plaintiff contends were unlawful, unauthorized, and void.

Plaintiff seeks emergency injunctive relief because Defendants' continued involvement in the foreclosure/title pipeline creates a continuing risk of additional recording activity, title transfers, and permanent impairment of Plaintiff's property rights. Plaintiff also seeks an immediate preservation order because Defendants are in possession of key records, including internal

2 of 10

communications, vendor work orders, audit logs, publication logs, deed preparation records, and electronically stored information which may be deleted or altered unless preserved by Court order.

The harm is ongoing and irreparable. This Court's intervention is required immediately.

## STATEMENT OF FACTS

1. Plaintiff is the owner and occupant of real property located in Westchester County, New York.
2. Plaintiff alleges that foreclosure-related instruments affecting her property are void and were generated and transmitted through an unlawful and defective foreclosure pipeline.
3. Plaintiff alleges that Defendants participated in the processing, facilitation, publication, transmission, and/or recording of foreclosure-related documents affecting Plaintiff's title and property rights.
4. Plaintiff alleges that the foreclosure process involved material irregularities including lack of lawful authority, defective documentation, and defective deed-related activity.
5. Plaintiff further alleges that the foreclosure sale documentation contains facial inconsistencies, including conflicting accounting and sale-related representations.
6. Plaintiff alleges that Defendants' actions have caused continuing harm, including clouding of title, interference with ownership rights, and continued reliance on void instruments.
7. Plaintiff has diligently attempted to protect her rights through court filings and documented evidence, but immediate relief is required to prevent further harm and preserve evidence.

# MEMORANDUM OF LAW IN SUPPORT OF MASTER EMERGENCY MOTION

## LEGAL STANDARD

Under Fed. R. Civ. P. 65, a temporary restraining order may be issued where the movant demonstrates:

3 of 10

1. Immediate and irreparable harm absent injunctive relief;
2. Likelihood of success on the merits, or at minimum sufficiently serious questions going to the merits;
3. The balance of hardships tips in the movant's favor; and
4. The requested relief is consistent with the public interest.

Emergency injunctive relief is particularly appropriate where real property rights and title integrity are at risk, and where the destruction of evidence would permanently impair the ability to litigate.

# ARGUMENT

## I. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT IMMEDIATE RELIEF

Plaintiff faces immediate irreparable harm because wrongful foreclosure-related activity and the continued reliance upon void instruments can permanently impair real property rights, cause continuing cloud upon title, and interfere with ownership and lawful possession.

The recording, transmission, publication, or reliance upon foreclosure-related documents creates continuing and irreparable harm that cannot be adequately remedied by money damages. Once a deed or foreclosure-related instrument is recorded or relied upon, title is impaired and the injury becomes permanent.

Plaintiff also faces irreparable harm because Defendants maintain electronic records and internal communications that may be deleted, altered, overwritten, concealed, or destroyed unless preserved immediately by Court order.

## II. PLAINTIFF HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff has a strong likelihood of success on the merits because she alleges Defendants participated in conduct constituting wrongful foreclosure facilitation, negligence, fraud-related facilitation, slander of title, and unlawful document processing/recording activity.

Plaintiff alleges that Defendants' conduct contributed to an unlawful foreclosure pipeline that relied on defective documentation and unauthorized deed-related activity. Plaintiff further alleges that the documents and sale-related records reflect facial irregularities and inconsistencies that support Plaintiff's claims.

Plaintiff seeks declaratory and injunctive relief because the instruments and conduct at issue are void and continue to cause harm.

## III. THE BALANCE OF HARDSHIPS WEIGHS OVERWHELMINGLY IN PLAINTIFF'S FAVOR

The balance of hardships strongly favors Plaintiff. Plaintiff faces the loss of her home, continuing title impairment, and permanent harm to her property rights.

Defendants will suffer no legitimate hardship from being restrained from further foreclosure-related processing, recording, publication, or reliance activity pending judicial review. The requested TRO preserves the status quo.

## IV. THE PUBLIC INTEREST SUPPORTS IMMEDIATE RELIEF AND PRESERVATION OF EVIDENCE

The public interest strongly favors accurate land records, lawful foreclosure processes, transparency in title systems, and prevention of wrongful foreclosure activity.

5 of 10

The public interest further supports preservation of evidence in litigation involving real property and foreclosure-related conduct, where destruction of evidence would prevent accountability and judicial review.

# REQUEST FOR IMMEDIATE PRESERVATION ORDER

Plaintiff respectfully requests an immediate Court order requiring Defendants to preserve all documents and electronically stored information ("ESI") related to Plaintiff's property, including but not limited to:

- emails and internal communications;
- foreclosure processing records;
- title processing files;
- deed preparation records;
- publication logs;
- vendor work orders and communications;
- audit logs and access logs;
- metadata, timestamps, and system history;
- internal notes, task logs, call logs, and file review history;
- contracts, invoices, and transaction records;
- communications with law firms, servicers, trustees, and third-party vendors.

Plaintiff further requests that Defendants be restrained from destroying, deleting, concealing, modifying, or altering any evidence.

# REQUEST FOR EXPEDITED HEARING

Plaintiff respectfully requests an expedited hearing at the earliest possible date and an Order to Show Cause why a preliminary injunction should not be entered.

6 of 10

# RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Issue an immediate Temporary Restraining Order restraining Defendants from recording, filing, publishing, transmitting, transferring, or relying upon any foreclosure-related instrument or deed-related activity affecting Plaintiff's property;
2. Issue an Immediate Preservation Order requiring Defendants to preserve all documents and electronically stored information related to Plaintiff's property;
3. Restrain Defendants from deleting, destroying, concealing, modifying, or altering any evidence;
4. Schedule an expedited hearing and Order to Show Cause why a preliminary injunction should not be entered;
5. Grant such other and further relief as the Court deems just and proper.

# DECLARATION OF LINDA B. SPOSATO IN SUPPORT OF MASTER EMERGENCY MOTION

I, Linda B. Sposato, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action. I make this Declaration based upon personal knowledge.
2. The property at issue is my home and USDA-approved agricultural property located in Westchester County, New York.
3. Defendants Meridian Asset Services, LLC, Advantage Foreclosure Services, Inc., and CSC Ingeo, Inc. participated in the processing, facilitation, publication, transmission, and/or recording pipeline connected to foreclosure-related activity affecting my property.
4. I have suffered and continue to suffer irreparable harm, including clouding of title and continued reliance upon void foreclosure instruments affecting my property rights.
5. I believe Defendants possess key evidence, including communications, title/foreclosure processing records, deed preparation records, publication logs, vendor work orders, audit logs, access logs, and electronically stored information that may be deleted, concealed, overwritten, or destroyed unless preserved immediately by Court order.
6. I respectfully request that the Court grant a Temporary Restraining Order, an expedited hearing, and an immediate preservation order.

7 of 10

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____, 2026

North Salem, New York

_____

Linda B. Sposato

_____

# [PROPOSED] TEMPORARY RESTRAINING ORDER AND IMMEDIATE PRESERVATION ORDER


Upon consideration of Plaintiff's Master Emergency Motion for Temporary Restraining Order, Expedited Hearing, and Immediate Preservation Order, it is hereby:


ORDERED that Plaintiff's application for a Temporary Restraining Order is GRANTED; and it is further


ORDERED that Defendants Meridian Asset Services, LLC, Advantage Foreclosure Services, Inc., and CSC Ingeo, Inc., including all officers, agents, employees, contractors, subsidiaries, affiliates, and all persons acting in concert with them, are hereby RESTRAINED and ENJOINED from recording, filing, publishing, transmitting, transferring, executing, listing, selling, or otherwise relying upon any foreclosure-related deed, assignment, lien, sale record, or title instrument affecting Plaintiff's property; and it is further


ORDERED that Defendants shall immediately preserve all documents and electronically stored information relating to Plaintiff's property, including emails, internal communications, audit

8 of 10

logs, access logs, foreclosure files, title files, deed preparation records, vendor work orders, publication logs, metadata, timestamps, and system history; and it is further

ORDERED that Defendants shall not delete, destroy, conceal, alter, overwrite, or modify any documents or electronic records relating to Plaintiff's property; and it is further

ORDERED that Plaintiff's request for an expedited hearing is GRANTED, and the parties shall appear before this Court on a date and time to be determined to determine whether a preliminary injunction shall issue.

SO ORDERED.

Dated: _____, 2026

White Plains, New York

_____

UNITED STATES DISTRICT JUDGE

_____

# **Respectfully Submitted,**

Dated: _February 9_____, 2026

North Salem, New York

_Lu β Sposato_

Linda B. Sposato (Pro Se)

230 Hardscrabble Rd

North Salem, NY 10560

9 of 10

Telephone: 914-314-0000

Email: lbsposato@gmail.com

10 of 10