UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA B. SPOSATO,

                              Plaintiff,

            -against-                                    26-CV-01118 (PMH)

WILMINGTON SAVINGS FUND                                  ORDER OF SERVICE
SOCIETY, FSB, *et al.*,

                              Defendants.

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action, and filed the initial Complaint on February 9, 2026. (Doc. 1). Plaintiff requested the issuance of summonses as to the three defendants named in the Complaint on the same day. (Doc. 4). On February 10, 2026, the Clerk of Court issues summonses as to the listed defendants. (*See* ECF Docket Entry dated 2/10/2026). Subsequently, on February 23, 2026, Plaintiff filed an Amended Complaint, removing the three previously-identified defendants, and adding two new defendants, Wilmington Savings Fund Society, FSB ("Wilmington Savings Fund") and Selene Finance LP ("Selene" and together, "Defendants"). (Doc. 10). On the same day, Plaintiff filed a letter requesting leave to amend the caption to correctly identify the Defendants, which the Court granted on February 27, 2026. (Doc. 13). On April 21, 2026, Plaintiff then filed a "Request for Emergency Conference Pursuant to Individual Rule 4(F)," requesting that the Court schedule an emergency conference and grant interim relief concerning purported circumstances surrounding a property located at "230 Hardscrabble Road, North Salem, New York" (Doc. 14), along with documents purporting to detail service attempts upon the three defendants included in the original Complaint (Docs. 15, 16, 17). However, despite Plaintiff's contention that she has "made repeated good-faith efforts to serve

Defendants," as of the date of this Order, there is no evidence on the docket that Plaintiff has even requested summonses as to the newly identified Defendants.

Accordingly, the Clerk of Court is directed to issue summonses as to Defendant Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, and Defendant Selene Finance LP. Plaintiff is directed to serve the summonses and Amended Complaint on each defendant within 90 days of the issuance of the summonses.[1] If within those 90 days, Plaintiff has neither served Defendants nor requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

In light of the above, Plaintiff's application (Doc. 14) is denied for failure to comply with this Court's Individual Practices Rule 4(F). Plaintiff should effectuate service upon Defendants forthwith once the new summonses are issued, and may renew her application once Defendants have been properly served.

The Clerk of Court is respectfully requested to terminate the application pending at Doc. 14 and mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated:    White Plains, New York
          April 24, 2026

_____
PHILIP M. HALPERN
United States District Judge

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the operative pleading is filed, the summonses in this case were not issued when Plaintiff filed the amended complaint. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.