The Court, upon review of the parties' respective letters (Docs. 43, 46, 47, 48, 49), denies Plaintiff's application for leave to file a third amended complaint (Doc. 43).

Accordingly, and in light of the above ruling, the Clerk of Court is respectfully requested to terminate the letter motion pending at Doc. 48.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 25, 2026

Linda B. Sposato

230 Hardscrabble Road

North Salem, New York 10560

September 8, 2026

VIA Prose Filing

Hon. Philip M. Halpern

United States District Judge

Hon. Charles L. Brieant Jr. Federal Building and Courthouse

300 Quarropas Street, Room 530

White Plains, New York 10601

**Re: *Sposato v. Wilmington Savings Fund Society, FSB, et al.*, No. 7:26-cv-01118-PMH**

**Pre-Motion Letter Seeking Leave to Amend — Individual Practices Rules 2(C) and 4(C)**

Dear Judge Halpern:

I am the plaintiff and I represent myself. Pursuant to Your Honor's Individual Practices Rules 2(C) and 4(C), I respectfully submit this pre-motion letter seeking leave to file a Third Amended Complaint under Fed. R. Civ. P. 15(a)(2). Annexed are a clean and a redlined version of the proposed amended pleading, together with my declaration and exhibits, in compliance with Local Civil Rule 15.1.

This is not a sur-reply. I do not ask the Court to reconsider any prior ruling. I ask for one opportunity to correct my pleading so that it rests on certified public records rather than on allegations the defendants have shown to be inaccurate.

I previously submitted three letters seeking permission to file a sur-reply memorandum, each of which the Court denied. This application is different in kind. It does not seek permission to submit further argument on the pending motion. It seeks leave to amend the pleading itself under Rule 15(a)(2) and Your Honor's Individual Practices Rule 4(C).

## I. Allegations I Would Withdraw

The defendants' memorandum identifies allegations in the operative complaint that I am no longer able to support. I would withdraw them. Specifically, I would withdraw the allegations that no mortgage was recorded against the property and that no mortgage recording tax was paid, and the characterization of NYSCEF Doc. No. 272 as confirming that no mortgage exists. Narrowing a pleading to what the documents support is a proper use of Rule 15.

## II. New Matter, Each Tied to a Document

**A. No interest in the property on December 4, 2007.** The deed conveying an interest to me, Westchester County Control No. 491250080, is dated July 23, 2007 and was recorded June 3, 2009. It was held in escrow and not delivered until the underlying obligations were satisfied in March 2009. I did not hold a delivered interest in the premises on the date of the instruments sued upon.

**B. The signatures are not mine.** I did not sign the note or the mortgage dated December 4, 2007, did not initial the mortgage pages, and did not appear before the notary whose certificate appears on that instrument. Under *Faison v. Lewis*, 25 N.Y.3d 220 (2015), a forged instrument is void ab initio.

**C. The certified recording page.** The certified Westchester County Recording and Endorsement Page for Control No. 522573030 states the tax designation as 4-1735-17. The certified deed and the recorded 2013 assignment both state 4-1735-71. The same certified page states a mortgage tax of $13,620.00 and bears a check mark in the box marked "Exempt," while separately stating "Total Recording Fees Paid: $140.00." The defendants' memorandum represents to the Court that the page shows the tax "was paid" without addressing the exemption notation on the same panel.

**D. The endorsement.** The defendants argue standing from possession of a note "indorsed in blank." The note as filed bears "Pay To The Order of" with the payee line left empty, above a named endorser, Chevy Chase Bank, F.S.B., by Darlene K. Opalski. The memorandum does not address this.

**E. Records first produced in February 2025.** After my counsel was relieved on January 10, 2025, I filed an order to show cause on my own behalf, signed January 7, 2025. Stewart Title Insurance Company's records were then filed on February 11, 2025 as NYSCEF Doc. Nos. 268 through 272 in Index No. 65567/2014. That was the first time I saw them, including the July 29, 2012 letter from Davidson Fink LLP stating that the mortgage was never recorded — a statement I could not have raised earlier because the document was not available to me.

## III. The Proposed Pleading Does Not Seek Review of Any State Judgment

The proposed amended complaint seeks damages for the defendants' own conduct. It does not ask this Court to vacate, set aside, or review the state court judgment. In *Vossbrinck v. Eckert Seamans Cherin & Mellott, LLC*, 773 F.3d 423 (2d Cir. 2014), the Second Circuit held that claims seeking damages for fraud in obtaining a foreclosure judgment are not barred by *Rooker-Feldman*, because the injury is caused by the defendants' conduct rather than by the judgment itself. *Accord Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). I would replead each claim in those terms and would abandon any request for relief that would require this Court to disturb the state judgment.

## IV. Leave Should Be Granted

Rule 15(a)(2) directs that leave be freely given when justice so requires. Your Honor's Individual Practices Rule 4(C)(ii) states that in these circumstances the Court "will liberally grant the plaintiff leave to amend." The Second Circuit has held that a pro se plaintiff should ordinarily be afforded an opportunity to replead before dismissal with prejudice. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). The defendants seek dismissal with prejudice. I have not previously sought leave to amend in response to their motion, and no discovery has occurred, so no prejudice would result.

I thank the Court for its consideration.

Respectfully submitted,

LINDA B. SPOSATO

Plaintiff, Pro Se

230 Hardscrabble Road

North Salem, New York 10560

cc: Michel Lee, Esq., Knuckles & Manfro, LLP (via ECF)

## CERTIFICATE OF SERVICE

I, Linda B. Sposato, declare under penalty of perjury that on September 8, 2026, I served a true copy of the foregoing Pre-Motion Letter Seeking Leave to Amend, together with the Declaration of Linda B. Sposato and annexed exhibits and the proposed Third Amended Complaint (clean and redlined), by depositing same in a postage-paid envelope in an official depository of the United States Postal Service, addressed to:

Michel Lee, Esq.
Knuckles & Manfro, LLP
25 Brae Boulevard, Suite 101
Park Ridge, New Jersey 07656

L B. Sposato

Linda B. Sposato, Plaintiff Pro Se